HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
KARA R. OTTERVANGER FL Bar # 0112110
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561
Kara_Ottervanger@fd.org

Counsel for Defendant
FRANCISCO SANTANA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>FRANCISCO SANTANA,<br><br>*Defendant,* | Case No. 1:22-CR-00117-JLT<br><br>**UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; POINTS AND AUTHORITIES; [~~PROPOSED~~] ORDER**<br><br>Judge: Hon. Jennifer L. Thurston |

The defense moves this Court for an order terminating supervised release for the above-named defendant. Defense counsel, Assistant Federal Defender Kara Ottervanger, has conferred with counsel for the government, Assistant United States Attorney Kimberly Sanchez, as well as United States Probation Officer Marissa Frazure, and neither the government nor probation has any objection to this request. Francisco Santana has successfully completed over twenty-six of his thirty-six month term of supervised release. He has been in "low risk supervision" status since March 2022. Mr. Santana is requesting early termination because he (1) has maintained excellent performance while on supervision; (2) is hoping to move out of his family's home soon, and (3) would like to travel when needed without requesting and obtaining permission.

Title 18 U.S.C. § 3583(e)(1) grants this Court the power to terminate a term of supervised release at any time after the expiration of one year on a felony case, pursuant to the provisions of

/ /

Federal Rule of Criminal Procedure Rule 32.1(c),[1] provided the Court is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. *See* 18 U.S.C. § 3564(c); *see also United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022) (clarifying that early termination of supervised release is not just reserved for rare cases involving exceptionally good behavior).

**STATEMENT OF FACTS**

Francisco Santana was arrested on May 2, 2019, at the San Ysidro Port of Entry after officers found packages of several types of drugs hidden in his vehicle and was arraigned in the Southern District of California the following day. [ECF 1, 3]. He pled guilty pursuant to a plea agreement in October 2019. His presentence report and sentencing memorandum detailed his troubling childhood and his addiction to methamphetamine. [*See* ECF 27; 32].

The Court sentenced Mr. Santana to forty-two months in Bureau of Prisons ("BOP") custody on March 29, 2020, and imposed a three-year term of supervised release. [ECF 34]. While in custody, Mr. Santana successfully completed the Residential Drug Abuse Program. Apparently due to the impact of Covid-19 on the BOP's ability to timely offer that program, however, Mr. Santana received only a two-month custodial benefit. After release from prison, Mr. Santana lived at a halfway house in Oakland for three months before transitioning to home confinement with GPS monitoring. His supervision commenced on December 6, 2021. His supervised release was transferred to the Eastern District of California in April 2022. [ECF 36].

After release, Mr. Santana continued to work on his sobriety by participating in "after care," which required him to speak to a counselor once a week for two months. Mr. Santana thereafter saw a psychologist for two months and was ultimately told that he no longer needed counseling. He was drug tested throughout this time. Mr. Santana is currently being supervised by probation officer Marissa Frazure in the Eastern District of California.

---

[1] Federal Rule of Criminal Procedure 32.1(c)(1) generally requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." However, no hearing is required if the defendant waives the hearing. Fed. R. Crim. P. 32.1(c)(2)(A). Nor is a hearing required if the relief is favorable to the defendant and the government does not object. Fed. R. Crim. P. 32.1(c)(2)(A) and(B). Under both provisions, no hearing is required here.

Mr. Santana has been steadily employed since his release. He is employed at a construction company in Tracey, California. Mr. Santana is in full compliance with the conditions of his supervised release. He has not had any positive drug tests. He has been living with his mother and brother-in-law in the family's trailer in Patterson, California. Mr. Santana is currently on "low-risk offender status," which requires him only to submit a monthly report over the phone and to send in a current paycheck stub. He is not required to have any other active communication with his officer. Recently, Mr. Santana's probation officer granted him permission to travel to Jalisco, Mexico, for two weeks to spend time with his family that lives there. He returned to the U.S. on the planned date with no issues whatsoever.

Mr. Santana hopes to move out of his mother's trailer in the coming months and also hopes to travel, including to Mexico again to see family over the next year. Not being on supervision and having to ask his officer for permission to move his residence or travel would make those aspirations significantly easier. Moreover, although Mr. Santana has no plans to leave his current employer, not being on supervision will simplify any hiring process that does occur and will likely improve his chances of being hired if a better opportunity presents itself.

Mr. Santana's plea agreement required him to serve two-thirds of his supervised release term before requesting early termination. [ECF 24 at 11]. The two-thirds mark passed on or about December 6, 2023, which was twenty-four months after Mr. Santana's release. Undersigned counsel has conferred with assigned probation officer, Marissa Frazure, who has no objection early termination. Counsel has also conferred with Assistant U.S. Attorney, Kimberly Sanchez, who also has no opposition to the request.

**CONCLUSION**

Mr. Santana has proved that he learned from the experience of his case, that he is able to live a life of sobriety, and that he is respectful of the Court's orders by remaining law-abiding for the past twenty-six months and by complying with all conditions of supervised release. Terminating supervised release approximately ten months before its expiration will not only acknowledge Mr. Santana's performance but will conserve Probation resources.

For the foregoing reasons, the Court should exercise its power under 18 U.S.C. § 3583(e)(1) to terminate Mr. Santana's supervised release.

//

    Respectfully submitted,

Dated: February 27, 2024    HEATHER E. WILLIAMS
    Federal Defender

*/s/ Kara R. Ottervanger*
KARA R. OTTERVANGER
Assistant Federal Defender
Attorney for Defendant
FRANCISCO SANTANA

**O R D E R**

Pursuant to 18 U.S.C §3583(e)(1), the Court hereby TERMINATES the term of supervised release imposed in this case and discharges Mr. Santana for the reasons set forth above.

IT IS SO ORDERED.

Dated:   **February 28, 2024**                                                    
                                                                            UNITED STATES DISTRICT JUDGE